IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiffs, | **4:19CR3048** |
| vs. | |
| JOSE MUNOZ PERDOMO, | **ORDER** |
| Defendant. | |

Defendant Perdomo has orally moved to continue the pretrial motion deadline because Defendant anticipates receiving additional discovery from the government and needs to review that discovery before deciding if pretrial motions should be filed. The additional and as yet undisclosed discovery was obtained through execution of a search warrant.

This case has been pending for nearly ten months, and during that time, Defendant Perdomo has been detained. As to the newly obtained documents, any decision on whether to file a motion to suppress will be based on the content of the warrant application, not on the content of the documents received.

Upon consideration of the age of this case, the defendant's length of detention, and the parties' representations as to the new discovery, the court will grant only a limited continuance of the pretrial motion deadline,

IT IS ORDERED:

1) The government shall promptly disclose the warrant application used to obtain the new discovery at issue.

2) Pretrial motions and briefs shall be filed on or before January 31,

2020.

3) Trial of this case is continued pending resolution of any pretrial motions filed

4) The ends of justice served by granting the motion to continue outweigh the interests of the public and the defendant in a speedy trial, and the additional time arising as a result of the granting of the motion, the time between January 21, 2020 and January 31, 2020 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice.  18 U.S.C. § 3161(h)(1) & (h)(7). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

5) The clerk shall set an internal case management deadline of February 3, 2020 to check on whether a pretrial motion has been filed or, in the alternative, this case must be set for trial.

Dated this 22nd day of January, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge