IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3048 |
| vs. | TENTATIVE FINDINGS |
| JOSE MUNOZ PERDOMO, | |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. There are no motions to be resolved at sentencing. The defendant has objected to the presentence investigation report (filing 192).

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)   impose upon the United States the burden of proof on all Guidelines enhancements;

(d)   impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)   depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)   in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions to resolve at sentencing. The defendant has objected to the total amount of restitution to be ordered in the revised presentence investigation report—$54,336.31. *See* filing 192. According to Perdomo, his share of restitution should be reduced pursuant to 18 U.S.C. § 3664(h), based on his minor role in the conspiracy and his indigency. *See* filing 192. And the defendant argues that his share should be further reduced by the value of the property that was returned to the victim, Verizon Wireless, under 18 U.S.C. § 3663A(b)(1)(B)(ii). *See* filing 192.

The government bears the burden of proving the restitution amount by a preponderance of the evidence. 18 U.S.C. § 3664(e). Restitution is compensatory, not punitive, and in a fraud case, it is limited to the actual loss directly caused by the defendant's

criminal conduct in the course of the scheme alleged in the indictment. *United States v. Lundstrom*, 880 F.3d 423, 446 (8th Cir. 2018); *United States v. Chaika*, 695 F.3d 741, 748 (8th Cir. 2012). As the Court understands the defendant's objection, it's not to the total amount of $54,336.61—rather, it's to holding him liable for the whole amount. *See* filing 192. And the Court may apportion liability among defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant. § 3664(h). The government does not seem to oppose that request. *See* filing 190. In addition, the government also seems to believe that Perdomo played a minor role in the conspiracy. *See* filing 190. The Court will resolve this issue, with this information in mind, at the time of sentencing.

While the government bears the burden of demonstrating the amount of the loss sustained as a result of the offense, the defendant bears the burden of establishing entitlement to an offset against that loss. *United States v. Miell*, 744 F. Supp. 2d 961, 965 n.8 (N.D. Iowa 2010); *see United States v. Ruff*, 420 F.3d 772, 775 (8th Cir. 2005) (remanding for trial court to determine if *defendant* could establish right to offset); *see also*, *Robers v. United States*, 572 U.S. 639, 649 (Sotomayor, J., concurring); *United States v. Malone*, 747 F.3d 481, 486 (7th Cir. 2014); *United States v. Bane*, 720 F.3d 818, 828 (11th Cir. 2013); *United States v. Bryant*, 655 F.3d 232, 254 (3d Cir. 2011); *United States v. Elson*, 577 F.3d 713, 734 (6th Cir. 2009); *United States v. Serawop*, 505 F.3d 1112, 1127 (10th Cir. 2007); *United States v. Karam*, 201 F.3d 320, 326 (4th Cir. 2000); *United States v. Parsons*, 141 F.3d 386, 393 (1st Cir.

1998); *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998); *cf.*, *United States v. Boccagna*, 450 F.3d 107, 120 n.9 (2d Cir. 2006); *United States v. Pugh*, 445 F.3d 1066, 1068 (8th Cir. 2006) (burden is on defendant to show payment of restitution debt); *United States v. Crawford*, 169 F.3d 590, 593 (9th Cir. 1999). So, Perdomo will carry the burden of proving that property was returned to Verizon, and the value of such property, in order to show he is entitled to an offset under § 3663A(b)(1)(B)(ii). The Court will also resolve this issue at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become

final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 26th day of May, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge